**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. WOLF,<br><br>    Defendant. | No. 14-CR-4091-DEO<br><br>**ORDER ACCEPTING REPORT<br>AND RECOMMENDATION<br>CONCERNING GUILTY PLEA** |

### I. INTRODUCTION AND BACKGROUND

Before the Court is Magistrate Judge Leonard T. Strand's Report and Recommendation Concerning Guilty Plea (Docket No. 8).

On December 9, 2014, a one count Information (Docket No. 1) was filed in the above-referenced case. On December 16, 2014, Defendant Michael J. Wolf entered a guilty plea to Count 1 of the Information before United States Magistrate Judge Leonard T. Strand.

The information sets out:

**The United States Attorney charges:**

**INTRODUCTION**

1. Defendant Michael J. Wolf is an individual residing in Remsen, Iowa. Defendant was employed by Sioux-Preme Packing Corporation ("Sioux Preme") where he worked as a manager and supervisor in

the maintenance department. Sioux-Preme is a pork processing facility doing business in Sioux Center, Iowa, and has a National Pollutant Discharge Elimination System (NPDES) Permit Number 8400100, which allows it to discharge pollutants as long as specific effluent parameters are met.

2. Defendant supervised as many as fifteen employees at Sioux-Preme including mechanics, electricians, and other maintenance personnel. Defendant had worked at Sioux-Preme since December of 1991. In order to meet its production requirements, Defendant's employer regularly discharged or land-applied the wastewater it used during pork processing.

3. Defendant was responsible for ensuring Sioux-Preme's wastewater treatment lagoons were sufficiently low to allow for scheduled contract renovation work. This work was needed in order to increase the storage capacity for the wastewater treatment lagoons. Defendant believed it critical that the contractors complete the lagoons and subsequently took the unlawful actions to reduce the wastewater levels in the lagoons.

## **THE CLEAN WATER ACT**

4. The Federal Water Pollution Control Act, Title 33, United States Code, Section 1251, *et seq.*, more commonly known as the Clean Water Act ("CWA"), was enacted by Congress to restore and maintain the chemical, physical, and biological quality of the Nation's waters. 33 U.S.C. § 1251(a). In addition, the CWA was enacted to prevent, reduce, and eliminate water pollution in the United States and to

conserve the waters of the United States for the protection and propagation of fish and aquatic life and wildlife, recreational purposes, and the use of such waters for public drinking water, agricultural, and industrial use. 33 U.S.C. § 1252(a).

5. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants except in compliance with, *inter alia*, the National Pollutant Discharge Elimination System (NPDES) permit issued pursuant to Section 402 fo the CWA, 33 U.S.C. § 1342.

6. Pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, EPA authorizes states to issue NPDES permits that, among other things, prescribe conditions whereby a discharge may be authorized, and establish design, construction, operation, and maintenance requirements for the permit holder.

7. Section 402 of the CWA, 33 U.S.C. §§1311 and 13452, provide that pollutants may be discharged only in accordance with the terms of a National Pollutant Discharge Elimination System ("NPDES")permit issued pursuant to that Section.

8. Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines the term "discharge of pollutant" to include "any addition of any pollutant to navigable waters from any point source."

9. To implement Section 402 of the CWA, the EPA promulgated regulations codified at 40 C.F.R. Part 122. Pursuant to 40 C.F.R. §122.1, a NPDES permit is required for the

discharge of pollutants from any point source into waters of the United States.

10. "Pollutant" is defined by Section 502(6) of the CWA, 33 U.S.C. § 1362 to include, *inter alia*, biological materials and agricultural waste discharged to water.

11. "Point source" is defined by Section 502(14) of the CWA, 33 U.S.C. § 1362 to include "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation. . . from which pollutants are or may be discharged.

12. "Waters of the United States" are defined in 40 C.F.R. §122.2 to include, among other things,

> (a) All waters which are currently used, were used in the past, or may be susceptible to use in the interstate or foreign commerce, including all waters which are subject to the ebb and flow of the tide;
>
> (b) All interstate waters, including interstate "wetlands;"
>
> ***
>
> (e) Tributaries of waters identified in paragraphs (a) through (d) of this definition.

The Unnamed Tributary to the West Branch of the Floyd River is a "Waters of the United States" within the meaning of the CWA.

4

13. The Iowa Department of Natural Resources ("IDNR") is the agency within the state of Iowa with the authority to administer the federal NPDES Program. The EPA maintains concurrent enforcement authority with authorized state NPDES programs for violations of the CWA.

14. Permit Number 8400100 was issued to Sioux-Preme Packing Company on December 15, 1998, with the requirement that its discharges from its facility to the Unnamed Tributary to the West Branch of the Floyd River not exceed: a Biochemical Oxygen Demand (BOD) daily maximum mg/L of 45.00 (or 141 lbs/day) or a 30 day average lbs/day of 70 lbs/day; or exceed an Ammonia Nitrogen ($NH_3$-N) daily maximum of 58.00 mg/L (or 232 lbs/day); or exceed a Fecal Coliform daily maximum concentration of 400mpn.

**COUNT I**

**(Knowing Violation of a Permit)**

15. Each and every preceding paragraph is incorporated by reference herein.

16. Between, on or about October 23, 2012 through October 24, 2012, in the Northern District of Iowa, defendant Michael J. Wolf knowingly violated, and caused to be violated, a requirement of the NPDES permit under 33 U.S.C. § 1342, and as such, is a violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a), namely by discharging wastewater with a $BOD_5$ $NH_3$-N, or Fecal Coliform content in excess of the above

5

>     established NPDES permit limits to the
>     Unnamed Tributary to the West Branch of the
>     Floyd River a "Water of the United States"
>     within the meaning of the CWA.
>
>     All in violation of Title 33, United States
>     Code, Sections 1319(c)(2)(A) and Title 18,
>     United States Code, Section 2.

Information, Docket No. 1, pp. 1-5.

The Report and Recommendation (Docket No. 8), states that there is a plea agreement[1] and recommends that defendant Michael J. Wolf's guilty plea be accepted. Waivers of objections to Judge Strand's Report and Recommendation were filed by each party (Docket Nos. 9 and 10). The Court, therefore, undertakes the necessary review to accept defendant Michael J. Wolf's plea in this case.

## II. ANALYSIS

### A. Standard of Review

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

>     A judge of the court shall make a de novo
>     determination of those portions of the
>     report or specified proposed findings or
>     recommendations to which objection is made.
>     A judge of the court may accept, reject, or
>     modify, in whole or in part, the findings

---

[1] On file under seal at Docket No. 4, Att. 1.

> or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

As mentioned, waivers of objections to the Report and Recommendation have been filed, and it appears to the Court upon review of Magistrate Judge Strand's findings and conclusions that there are no grounds to reject or modify them.

**IT IS THEREFORE HEREBY ORDERED** that this Court accepts Magistrate Judge Strand's Report and Recommendation (Docket

No. 8), and accepts defendant Michael J. Wolf's plea of guilty in this case to Count 1 of the Information (Docket No. 1).

**IT IS SO ORDERED** this 25th day of February, 2015.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa